BROZEE
*vs*
POYNTZ.

*Hewitt* for appellants: *Harlan & Craddock* for appellees.

---

ASSUMPSIT.         **J. & J. Brozee *vs* W. & N. Poyntz.**

APPEAL FROM THE MASON CIRCUIT.

Case 55.              *Merger.    Plea in bar.    Assumpsit.*

October 18.     JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

JOHN & JACOB BROZEE being indebted to W. & N. Poyntz, for goods on account, and having dissolved their partnership, Jacob Brozee, who continued the business of the late firm, and had, after the dissolution, purchased other goods of W. & N. Poyntz, executed to them in the name of John & Jacob Brozee, a note for the aggregate amount due by the late firm and by himself individually. On this note an action of debt was brought against both of the apparent obligors; upon the return of "not found" as to John Brozee, was abated as to him, and a judgment was rendered against Jacob Brozee alone. An execution

on this judgment was returned "no property found," and Jacob Brozee being in fact insolvent, and John Brozee having denied the obligation of the note as to him, for want of authority in Jacob Brozee to bind him thereby, and the said note being in fact unobligatory upon him, W. & N. Poyntz brought this action of assumpsit jointly against John & Jacob Brozee for the price of the goods actually sold to them as partners. And the question is whether this action is barred by the acceptance of the note and the judgment rendered thereon as above stated.

The judgment, we think, can make no difference. For if the note did not merge the assumpsit, the judgment, though it may have merged the entire liability on the note, could not have that effect. If the note may be regarded as collateral security, and not as a satisfaction of the pre-existing debt, it is clear that there was no merger of that debt, either by the note or the judgment on it. The acceptance of the note of a debtor by simple contract for the amount of his debt, doubtless imports a satisfaction and merger of the pre-existing assumpsit. But as the acceptance of the note must be presumed to have been founded on the belief, that it is what it purports to be, the act of the debtor, obligatory on him according to its tenor. If the fact should turn out to be different, and the note proved not to be the act of the apparent obligor, it would be unjust, after the foundation of this act is thus taken away, to hold the creditor bound by its apparent import, and to give to it the same legal effect as if the note accepted by him had been what it purported to be. It was accordingly decided in the case of *Calk* vs *Orear*, 1 *B. Monroe*, 420, that an action upon the original implied assumpsit, was not barred by the previous acceptance of a note purporting to be that of the debtor, but which was not in fact executed by him nor by his authority, and which being unobligatory upon him, he had repudiated before the commencement of the action.

We might rest upon the authority of the case just referred to, the conclusion that the note executed by Jacob Brozee, in the name of the dissolved firm, and accepted by W. and N. Poyntz, should not, after being repudiated by John Brozee, be deemed a merger of the joint as-

*The execution of a joint note by one of two individuals for a joint debt due by assumpsit, without authority, does not merge the joint liability on assumpsit.*

sumpsit, or a bar to the present action ; for in this case as in that, the note purported to be what it was not, and there is no presumption that it was accepted as being any thing but what it purported to be. But the case of *Donophan and Smoot* vs *Gill*, 1 *B. Monroe*, 199, is an authority perhaps more direct, as in that case as in this, the note was obligatory upon one of the apparent obligors. In that case, where a note under seal, had been executed by Smoot in the name of the firm, the Court held that the only rational presumption was, that the bond was accepted, not as the single obligation of Smoot, but as the joint undertaking of both, and upon the credit of both; and that never having been accepted as the obligation of Smoot alone, it did not, *per se*, extinguish the joint assumpsit. We regard this reasoning, and the conclusion founded upon it, as precisely applicable to the present case, and as justifying the conclusion, that the acceptance of the note executed by Jacob Brozee, in the name of the firm, but which was in fact, unobligatory upon the other partner, and was repudiated by him, should not be deemed a merger of the joint assumpsit. The case of *Calk* vs *Orear*, *supra*, shows that the plea of *non est factum*, by John Brozee, was not necessary to authorize a resort to the action of assumpsit; but that it was sufficient to prove by parol, that the note was not in fact obligatory upon him, and that he had repudiated it. And as the note being obligatory on Jacob Brozee alone, did not merge the joint assumpsit, so also, because he alone was liable on the note, the judgment merged that liability only, and did not reach the joint assumpsit which the note had not affected. Wherefore, the judgment is *affirmed*.

*Morehead & Reed* for appellants: *Hord & Beatty* for appellees.