Daniel vs. Toney.

2me523
96 549

CASE 44—PETITION ORDINARY—JANUARY 7.

# Daniel vs. Toney.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. Depositions taken in another State before a justice of the peace, who certifies that the statements of the deponents were reduced to writing by him in their presence. *Held*—That opinions of an expert in handwriting not familiar with the handwriting of the justice or witnesses, and who had never seen them write, are inadmissible to show that the statements of the witnesses were neither in their own handwriting nor that of the justice.

2. In an action against partners upon a note under seal, made in the names of the firm by one of its members, although such note may not, because of the scrawl, be operative as a partnership obligation, yet, it being alleged and proved that the consideration for which the note was given went to the use and benefit of the firm, and was received and enjoyed by them, they are liable upon the original consideration.

Two partners are sued upon a note, under seal, to which their names are signed by one of them, against whom judgment is rendered by default. The other resists a recovery either upon the note or the consideration for which it was executed, which was set out in the petition. Judgment against him, and he appeals. Depositions taken in Virginia, before a justice of the peace, were excepted to by him upon the ground (1) that deponents' answers were not written by themselves or the magistrate, and (2) that the statement in the certificate of the justice that the answers were written by him, is untrue. The certificate of the justice recites that the statements of the witnesses were reduced to writing by him in their presence.

JAMES R. HALLAM, for appellant, cited 2 *B. Mon.*, 245.

KINKEAD & CARLISLE, for appellee, cited 3 *Marsh.*, 393; 1 *Litt.*, 17; 3 *Litt.*, 129; 3 *Mon.*, 52; 4 *Ib.*, 399; 5 *Litt.*, 199; 2 *J. J. Mar.*, 400; 4 *Dana*, 150; 1 *B. Mon.*, 68; 1 *Marsh.*, 190; 2 *Ib.*, 563; 1 *Bibb*, 421; 2 *Ib.*, 166; 1 *Litt.*, 247; 1 *Met.*, 625; 4 *Carr. & Payne*, 1; 1 *Dowl. & Ryl.*, 165; 2 *Carr. & Payne*, 447; 7 *Pet.*, 763; 2 *Johns.*, 211; 5 *Ib.*, 155; 9 *Cowen*, 94–112; 1 *Leigh.*, 216; 6 *Rand.*, 106; *Ib.*, 316; 2 *Leigh.*, 249; 3 *Halst.*, 87; 1 *Dana*, 179; 2 *J. J. Mar.*, 457; 3 *Mon.*, 437; 2 *Marsh.*, 375; 2 *B. Mon.*,

245 ; *Ib.*, 267 ; 5 *Ib.*, 75 ; *sec.* 8, *Act of* 1812, *M. & B.*, 343 ; *Rev. Stat.*, 193 ; 1 *B. Mon.*, 200 ; 12 *New Hamp.*, 206, 235.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

Conceding the right of appellant to assail the depositions of appellee in the manner and for the purpose indicated by the exceptions—a point that we do not decide—our opinion is, that·the exceptions were properly overruled because of the insufficiency and inadmissibility of the evidence offered in their support.

It was not pretended that the witness was familiar with the handwriting of the justice before whom the depositions were taken, or of the witnesses who deposed, nor that he had ever seen either of them write. He was merely called as an expert to state his opinion as to the character of the handwriting of the justice and the witnesses. That this was the extent of the proof proposed to be made by him is manifest, not only from the exceptions themselves, but likewise from the character in which the witness was called to testify.

The admissibility of such evidence, even in ordinary cases, is extremely doubtful; but to allow it for the purpose of impeaching the genuineness of an official document coming from the hands of a public functionary of a sister State, authorized by our laws to act in the premises, would necessarily lead to highly pernicious results. It would· be virtually denying to such official acts the credit given to them by our own statute, and subject them to an unusual and novel test, never contemplated by law.

How far courts of this State would be authorized to go in rejecting depositions taken in other States, upon *satisfactory* proof of irregularity, unfairness, or fraud, by the officer before whom they are taken, or by the party at whose instance they are taken, we need not now say. But we do say that an exception upon either ground mentioned ought to be supported by clear and satisfactory evidence ; and unless so supported, should be overruled.

In reference to the second ground assigned for error—that is, that the note under seal was not binding on appellant as a

Daniel vs. Toney.

partner—we need only remark, that whether he was bound by the note or not, cannot affect materially the result in this case.

The petition discloses the consideration of the note, and alleges in distinct terms that the lumber and money for which the note was given went to the use and benefit of the firm of which appellant was a member, and was so received and enjoyed by the firm. These allegations are fully upheld by the evidence, and fix his liability as a partner for the value of the property, although the note may not, because of the scrawl, be operative as a partnership obligation.

In *Calk vs. Orear* (2 *B. Mon.*, 420) it was held, that an action upon an original implied assumpsit was not barred by the previous acceptance of a note purporting to be that of the debtor, but which was not, in fact, binding upon him. And in *Brozee vs. Poyntz* (3 *B. Mon.*, 179) the same principle was applied to a judgment against one of the makers of a joint note. In the latter case the court decided that the creditor, notwithstanding he had sued upon such note and obtained a judgment against one of the firm, and failed to hold the other partner liable upon the note, could still look to the latter as a member of the firm for the original consideration; and that the former note and judgment would present no obstacle to a recovery.

In view of this authority, and the pleadings and evidence now before us, we are unable to perceive any substantial reason for exonerating the appellant from the judgment complained of. If not liable upon the note, he is certainly so upon the original consideration, and the judgment cannot therefore be disturbed.

Judgment *affirmed*.